IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| AURELIA MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 10-0053-N |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security. | ) | |

ORDER

Plaintiff brings this action seeking review of a final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits and Supplemental Security Income benefits. A hearing was held before the undersigned on December 21, 2010. Present at the hearing were Bradley Ezell, Esq., counsel for the Plaintiff Aurelia Morgan, and Assistant United States Attorney Alex Langford for the Commissioner. The parties have consented to a Magistrate Judge (doc. 13) and this case has been referred by the District Judge to the undersigned to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. 636(c) and Fed.R.Civ.P.73 (doc. 15). Upon consideration of the record, the parties respective briefs and arguments presented at the hearing, the undersigned finds that this case is due to be REMANDED.

Procedural History

Plaintiff, Aurelia Morgan, filed for benefits on March 19, 2006, alleging that she had become disabled on July 30, 2005, as a result of pain and swelling in her right (dominant) hand and hypertension. Plaintiff's request was denied at the initial stage and she sought and received a hearing before an Administrative Law Judge ("ALJ") which was held on July 31, 2008. Ms.

Morgan was represented by an attorney at the hearing who continues his representation before this court.

The ALJ found that plaintiff's sprained right thumb and hypertension were severe impairments, but that she had the residual functional capacity to perform light work. The ALJ further found that plaintiff had limitations which would preclude the full range of light work, but that the additional limitations had little effect on the occupational base of unskilled light work. Finding that plaintiff had no non-exertional impairments, the ALJ applied the Medical Vocational Guidelines, also known as 'the Grid,' and did not call or question a Vocational Expert at the hearing. The ALJ then found that plaintiff was not disabled and issued an unfavorable decision. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.

Scope of Judicial Review

A limited scope of judicial review applies to a denial of Social Security benefits by the Commissioner. Judicial review of the administrative decision addresses three questions: (1) whether the proper legal standards were applied; (2) whether there was substantial evidence to support the findings of fact; and (3) whether the findings of fact resolved the crucial issues. Washington v. Astrue, 558 F.Supp.2d 1287, 1296 (N.D.Ga. 2008); Fields v. Harris, 498 F.Supp. 478, 488 (N.D.Ga. 1980). This Court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. If substantial evidence supports the Commissioner's factual findings and the Commissioner applies the proper legal standards, the Commissioner's findings are conclusive. Lewis v. Callahan, 125 F.3d 1436, 1439-40 (11th Cir. 1997); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987); Hillsman v.

Bowen, 804 F.2d 1179, 1180 (11th Cir. 1986); Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). "Substantial evidence" means more than a scintilla, but less than a preponderance. In other words, "substantial evidence" means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and it must be enough to justify a refusal to direct a verdict were the case before a jury. Richardson v. Perales, 402 U.S. 389 (1971); Hillsman, 804 F.2d at 1180; Bloodsworth, 703 F.2d at 1239. "In determining whether substantial evidence exists, [the Court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). Even where there is substantial evidence to the contrary of the ALJ's findings, the ALJ decision will not be overturned where "there is substantially supportive evidence" of the ALJ's decision. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). In contrast, review of the ALJ's application of legal principles is plenary. Foote v. Chater, 67 F.3d 1553, 1558 (11th Cir. 1995); Walker, 826 F.2d at 999. With this legal framework in mind, the court now turns its focus to claimant's assignments of error.

Facts

Plaintiff lists her disabling conditions as a sprained right thumb and hypertension. It is well-established in the record that plaintiff has continuing physical symptoms related to the sprain, including chronic swelling of the hand and arthritis in that joint. The ALJ found both conditions to be 'severe' but held that they did not meet or medically equal any of the listed impairments. *See* 29 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ assessed plaintiff's residual functional capacity, finding that plaintiff could perform light work, except that she could engage in only limited pushing and/or pulling with the right hand; occasional handling/fingering with the right hand, and occasional fine and gross manipulation with the right hand; occasional crawling;

no balancing; and that she must avoid concentrated exposure to environmental hazards. He determined these "additional limitations had little or no effect on the occupational base of unskilled light work." Transcript, doc 9 at 24. Though the ALJ determined that plaintiff could not perform her past relevant work, he nonetheless found that she was not disabled.

Analysis

Plaintiff asserts that the ALJ erred in the following ways:

1) By failing to give substantial and determinative weight to plaintiff's treating physician;

2) By relying on the Grid rather than a vocational expert; and

3) By relying on the opinion of non-medical agency personnel where there was contrary opinion evidence from plaintiff's treating physician.

*Failing to Give Weight to Treating Physician; Relying on Opinion of Non-Medical Personnel*

Plaintiff challenges the ALJ's decision on the basis that he failed to give substantial and determinative weight to the opinion of plaintiff's treating physician, and because he relied upon the opinion of an agency staff member who was not a medical professional instead of upon the opinion of her treating physician.[1] Plaintiff's treating physician, Dr. Sandeep Bhadkamkar, completed a clinical Assessment of Pain form in which he opined that plaintiff's pain in her right hand from a sprain several years before remained severe enough to cause distraction from tasks or abandonment of tasks. He also stated that the side effects from plaintiff's prescribed drugs could be expected to be severe and to limit effectiveness due to distraction, inattention, drowsiness, etc.

---

[1] Plaintiff's first and third assignments of error are related and accordingly, the court addresses the claims together.

However, the record reflects that plaintiff has been treating the pain with over-the-counter pain medications, and has not been using the prescription medications which Dr. Bhadkamkar opines would cause adverse side effects. If, as Dr. Bhadkamkar says, these over-the-counter medications leave plaintiff in too much pain to work, it is not at all apparent from the record that the prescription medications would do so as well. Nor is it clear that there is not some dosage range of the prescribed pain relievers which would relieve the pain adequately to allow plaintiff to work while avoiding debilitating side effects Dr. Bhadkamkar claims could occur.

Social Security Regulation 20 CFR § 404.1527(d) defines how the Administration weighs medical opinions:

> § 404.1527 Evaluating opinion evidence
>
> (d)     How we weigh medical opinions. Regardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's opinion controlling weight under paragraph (d)(2) of this section, we will consider all of the following factors in deciding the weight we give to any medical opinion.
>
> > (1) Examining relationship.
> > (2) Treatment relationship.
> > (3) Supportability.
> > (4) Consistency.
> > (5) Specialization. And
> > (6) Other factors.

The regulations further state that the Commissioner will generally "give more weight to opinions from ... treating sources," and "will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." §§ 404.1527(d)(2), 416.927(d)(2). If the ALJ determines that the treating physician's opinion

should not be accorded substantial weight, good cause must be shown. The Eleventh Circuit recently summarized this analysis as follows:

> The ALJ must give the opinion of a treating physician "substantial or considerable weight unless 'good cause' is shown to the contrary." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). "Good cause" exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." Phillips v. Barnhart, 357 F.3d 1232, 1240-41 (11th Cir. 2004). Accordingly, the ALJ may reject the opinion of any physician when the evidence supports a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985).
>
> "The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." Lewis, 125 F.3d at 1440. However, where an ALJ articulates specific reasons for failing to accord the opinion of a treating physician controlling weight and those reasons are supported by substantial evidence, there is no reversible error. Moore [v. Barnhart], 405 F.3d [1208]at 1212 [(11th Cir. 2005)].

Carson v. Commissioner of Social Security, 2010 WL 1544734 at *2 (11th Cir., April 20, 2010)(unpublished).

With regard to plaintiff's third claim, it is well established in this Circuit that the opinion of a non-examining, reviewing physician "is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision." Swindle v. Sullivan, 914 F.2d 222, 226 n.3 (11th Cir. 1990). The Residual Functional Capacity ("RFC") evaluation by a non-physician agency staff member is a wholly inadequate basis for an RFC determination where the record contains contrary evidence from a treating physician. Indeed, where the record contains contrary medical evidence, particularly from a treating source, the decision to rely instead on a form completed by non-medical agency personnel constitutes reversible error. *See e.g.* Canfield v. Astrue, 2007 U.S. Dist. LEXIS 96161 (S.D.Ala. October 9, 2007)(rejection of RFC and pain evaluation by treating source, replaced by lay opinion); Casey v. Astrue, 2008 WL 2509030 (S.D.Ala. June 19, 2008); ("This Court has held on numerous occasions that the

Commissioner's fifth-step burden simply cannot be met by a lack of evidence or, where available, by the residual functional capacity assessment of a non-examining, reviewing physician, but instead must be supported by the residual functional capacity assessment of a treating or examining physician. Such as assessment is particularly warranted where, as here, the ALJ has not only rejected the only RFC assessment in the record completed by an examining physician for an unspecified and inadequate reason but also has made an inappropriate assumption about a comment made by Dixon's treating physician.")).

Title 20 C.F.R. Pt. 404. Subpt. P, App. 1, which addresses the listing of impairments related to musculo-skeletal problems, contains a section addressing the effects of treatment. Id. at I. 1. That portion of the regulation provides:

> Treatments for musculoskeletal disorders may have beneficial effects or adverse side effects. Therefore, medical treatment (including surgical treatment) **must** be considered in terms of its effectiveness in ameliorating the signs, symptoms, and laboratory abnormalities of the disorder, and in terms of any side effects that may further limit the individual.

(emphasis added).

The ALJ did not disagree with Dr. Bhadkamkar on the existence of continuing pain as a result of the sprained thumb. The record clearly supports the fact that plaintiff has suffered chronic swelling and pain from that injury. The ALJ found that the injury could reasonably be expected to cause plaintiff's pain. However, in determining the intensity, persistence and limiting effects of the pain, the ALJ stated that he found the claimant's statements concerning the

7

level of pain not to be credible. He summarized Dr. Bhadkamkar's opinions[2] concerning plaintiff's pain without comment.

Contrary to plaintiff's argument, a comparison of the ALJ's opinion and the doctor's reports shows that the ALJ relied upon Dr. Bhadkamkar's opinions in reaching his own determination of plaintiff's residual functional capacity, rather than rejecting those opinions in favor of ones from the disability specialist. The ALJ accepted the limitations Dr. Bhadkamkar identified on plaintiff's use of her left hand and included them in his finding that she could perform light work; in so doing, he found that the additional restrictions did not significantly limit her ability to perform work within that category.

As set out above the record reflects that the ALJ did not reject Dr. Bhadkamkar's opinions, and therefore neither plaintiff's first or third assignment of error is supported by the record. Thus, relief is denied on these two grounds.

*Failure to Call Vocational Expert*

Plaintiff's final assignment of error is that the ALJ erred by utilizing the Medical Vocational Guidelines ("Grids") rather than by calling and questioning a vocational expert.

> The ALJ has the obligation of developing a full and fair record regarding the vocational opportunities available to a claimant. Allen v. Sullivan, 880 F.2d 1200,

---

[2] "Dr. Bhadkamkar opined that the claimant could occasionally perform fine manipulation with the right hand. She could constantly perform fine and gross manipulation with the left hand. He stated that the claimant was unable to use her right hand for activities of daily living and suffered from moderate pain of the right hand. He further opined that she could not lift any weight on an occasional or frequent basis … . Dr. Bhadkamkar also completed a clinical assessment of pain and was of the opinion that the claimant's pain was present to such an extent as to be distracting to adequate performance of daily activities or work. He stated that movement of extremities greatly increased her pain to such a degree as to cause distraction from tasks or abandonment of tasks. Dr. Bhadkamkar further opined that side effects from her drugs could be expected to be severe and to limit effectiveness due to distraction[,] inattention, drowsiness, etc." Record at 21.

8

> 1201 (11th Cir. 1989); Welch v. Bowen, 854 F.2d 436, 440 (11th Cir. 1988). This
> burden may sometimes be met through exclusive reliance on the grids. However,
> " "exclusive reliance on the grids is not appropriate either when the claimant is
> unable to perform a full range of work at a given residual functional level or when
> a claimant has a non-exertional impairment that significantly limits basic work
> skills.' " Walker v. Bowen, 826 F.2d 996, 1002-03 (11th Cir. 1987) (*quoting*
> Francis v. Heckler, 749 F.2d 1562, 1566 (11th Cir. 1985).

Foote v. Chater, 67 F.3d at 1558; see 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00 (claimant must suffer primarily from an exertional impairment, without significant non-exertional factors). "Ordinarily, the preferred method of demonstrating that the claimant can perform specific jobs is through the testimony of a vocational expert." Cowart v. Schweiker, 662 F.2d 731, 736 (11th Cir. 1981). While the testimony of such an expert is not required, "the ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence." Id. "A general finding that a claimant is able to perform the requirements of [medium] work activity is insufficient to demonstrate that the Secretary has met his burden of showing that claimant retains residual capacity to work." McRoberts v. Bowen, 841 F.2d 1077, 1081 (11th Cir.1988), *citing* Cowart, 662 F.2d at 736.

As noted above, the ALJ found that plaintiff could perform light work subject to certain limitations: only limited pushing and/or pulling with the right hand; occasional handling/fingering with the right hand, and occasional fine and gross manipulation with the right hand; occasional crawling; no balancing; and that she must avoid concentrated exposure to environmental hazards. The ALJ further found that these limitations "have little or no effect on the occupational base of unskilled light work." Record at 23.

However, the ALJ gave no basis for his finding that significant limitations on use of the plaintiff's dominant hand would have "little or no effect" on her ability to perform labor in the light range of work.

9

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

Neither the record nor the ALJ's decision answers whether the limitation of plaintiff's ability to perform even gross manipulation on more than an occasional basis with her dominant hand may restrict her from "pushing or pulling arm or leg controls." Further, there is evidence in the record, including the opinion of the Social Security disability specialist and plaintiff's testimony, that plaintiff has exertional limitations on lifting due to the problems with her hand. The ALJ acknowledged that plaintiff suffered chronic pain in her hand, but wrote generally about the lack of reliability of plaintiff's complaints as to its severity. However, the ALJ's findings lack sufficient detail to demonstrate that he intended to reject any lifting limitations or the basis for such a finding; no medical evidence in the record supports a finding that plaintiff can lift 10 to 20 pounds or frequently lift and carry up to ten pounds. In addition, the lack of fine motor control with her dominant hand appears to preclude sedentary work, which would otherwise be subsumed into the light work category.

It is thus unclear from the decision of the ALJ that his determination that a vocational expert was unnecessary is correct as a matter of law under the ALJ's findings of fact or that his determination that plaintiff's additional limitations do not significantly limit her ability to perform light work is supported by substantial evidence. Remand is therefore appropriate.

## Conclusion

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence as to the third assignment of error. Therefore, it is ORDERED that the action be REVERSED and REMANDED to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of vocational evidence as to what work Plaintiff could perform in spite of her impairments. Judgment will be entered by separate Order.

DONE this the 23rd day of December, 2010.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE